244 August 12, 2026 No. 774

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ARTURO MORADO MEZA,
aka Arturo Meza, aka Arturo Morado,
*Defendant-Appellant.*

Douglas County Circuit Court
24CR32078; A185762

Kathleen E. Johnson, Judge.

Submitted July 1, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Brett J. Allin, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Joanna Hershey, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Defendant appeals from a judgment of conviction for second-degree assault after he hit the victim with a stick. At his bench trial, defendant asked the trial court to instruct itself on the defense-of-property defense. The trial court declined to do so because it concluded that defendant's use of force was not necessary to prevent or terminate the purported theft of defendant's property. On appeal, in two assignments of error, defendant claims that the trial court erred when it refused to administer that instruction. Because we conclude that any error is harmless, we affirm.

An error is harmless if there is "little likelihood that the error affected the verdict." *State v. Ashkins*, 357 Or 642, 660, 357 P3d 490 (2015) (internal quotation marks omitted). In making that determination, we consider "the instructions as a whole and in the context of the evidence and record at trial, including the parties' theories of the case with respect to the various charges and defenses at issue." *Id.* (citing *State v. Lopez-Minjarez*, 350 Or 576, 578, 260 P3d 439 (2011) (to assess whether error in instructing jury substantially affected the appellant's rights on various charges involved, "it is important to describe both sides' respective evidence and theories of the case"). In this case, any error in declining to give a defense-of-property instruction was harmless. Defendant denied hitting the victim or using any force against the victim, and the single piece of evidence that defendant points to to support his instruction is evidence that defendant argued was unreliable and should be disregarded (and that the trial court in fact ultimately did not put "a lot of weight" on). In any event, even if the instruction were available based on defendant's theory of the case, the trial court appeared to nevertheless consider the defense-of-property instruction, concluding that even if that defense were available to defendant, the level of force defendant employed was not objectively reasonable under the circumstances. Thus, any error in not considering the instruction was harmless in light of defendant's theory of the case and the court's own application of the instruction.

Defendant also argues that the trial court's sentence plainly violates the vertical-proportionality requirement of

Article I, section 16, of the Oregon Constitution because, as charged in this case, second-degree assault carries the same penalty as first-degree assault.[1] It is not obvious or beyond dispute that defendant's sentence is disproportionate. As defendant acknowledges, his argument is premised on cases that have held that a lesser-included offense cannot carry a greater penalty than the more serious offense. He cites no cases, nor are we aware of any, that apply the same analysis to offenses that carry the same penalty. His claim thus is not plain error. *See State v. Reyes-Camarena*, 330 Or 431, 436, 7 P3d 522 (2000) (the alleged error was not plain, in part, because "[n]o Oregon appellate court ha[d] considered the issue, let alone held that [the] defendant's position [was] correct").

Affirmed.

---

[1] In their briefing before this court, both parties acknowledged that our decision in *State v. Fernandez*, 334 Or App 81, 555 P3d 350 (2024), *rev'd*, 375 Or 205, ___ P3d ___ (2026) precluded our review because the sentence fell within the presumptive sentencing range. But the Supreme Court recently concluded that such claims of error are reviewable on direct appeal. *State v. Fernandez*, 375 Or 205, 225-26, ___ P3d ___ (2026).